BESSIE E. FUESSLER, Respondent, v. THE CHAUTAUQUA COUNTY PATRONS' FIRE RELIEF ASSOCIATION, Appellant.— Judgment affirmed, with costs. New finding of fact and conclusion of law made. Memorandum: We agree with appellant that the interest of plaintiff in the insured property was not " unconditional and sole ownership." We find, however, that the condition of the policy making it void because of the state of plaintiff's title could be waived. (*Carpenter* v. *G. & A. Ins. Co.*, 135 N. Y. 298; *Robbins* v. *Springfield Fire Ins. Co.*, 149 id. 477; *Cross* v. *Nat. Fire Ins. Co. of N. Y. City*, 132 id. 133; *Pratt* v. *D. H. M. F. Ins. Co.*, 130 id. 206.) The *Pratt* case, last cited, presented the question whether or not a mutual assessment company, like the defendant, could, through its officers, waive a condition of its policy, and the opinion stated: " We think that the defendant's officers had the same power with reference to the subjects of waiver and ratification that is possessed by the officers of stock companies." The referee's sixth finding is to the effect that the defendant's director was truthfully informed of the state of plaintiff's title at the time application for the policy was made, and that finding is supported by the weight of evidence. Due to the fact that defendant accepted plaintiff's assessments with that knowledge, there should be an additional finding (No. 6½) that defendant waived the condition of its policy in respect to " unconditional and sole ownership." The finding that

there was such waiver, by defendant, is further supported by the fact that it paid plaintiff for a previous loss covered by this same policy, and defendant's knowledge concerning the state of plaintiff's title existed from the inception of the policy. All concur. (The judgment is for plaintiff in an action under a fire insurance policy.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.